UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.J., by and through her Mother and Next Friend, TINA JOERDING, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:05CV1258SNL ) |
| AMCO INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff originally filed this action asserting a claim for uninsured motorist coverage against the defendant in connection with a motor vehicle accident (April 8, 2005) in the Circuit Court for the City of St. Louis. On or about August 11, 2005 defendant removed this case to federal court on the basis of federal diversity jurisdiction. At the time of removal, defendant filed a motion to dismiss, or in the alternative, for more definite statement (#7). On August 15, 2005 this case was reassigned to this Court. As of today's date, plaintiff has failed to file a response to the pending motion to dismiss.

In its motion, defendant asserts that plaintiff has currently pending a lawsuit in the Circuit Court for St. Louis County against the other driver who is insured by American Family Insurance Co[1]. It further asserts that the American Family Insurance Co. policy has limits of $100,000.00 which plaintiff asserts is insufficient to cover her present medical expenses and possible future

---

[1]This lawsuit is in connection with the same motor vehicle accident.

medical expenses.[2] Defendant contends that plaintiff has failed to state a claim for underinsured motorist coverage because she has not shown that the liability limits under the American Family Policy has been exhausted via judgment or settlement. Furthermore, since the claim against American Family is still pending, there has been no adjudication that the other driver is liable and that the agreed or adjudicated damages exceeded the limits of the American Family policy; thus, plaintiff's claim against defendant is premature.

In order to assert a claim for underinsured motorist coverage, a plaintiff must first plead and establish recovery of the limits of the tortfeasor's liability policy. *See*, State ex. rel. Shelton v. Mummert, 879 S.W.2d. 525, 527-28 (Mo. 1994) *citing* State ex. rel. Sago v. O'Brien, 827 S.W.2d. 754, 755 (Mo.App. 1992); State ex. rel. Ehrlich v. Hamilton, 879 S.W.2d. 491, 492-93 (Mo. 1994).[3] Since plaintiff has failed to plead any facts which establish her right to recover under the subject underinsured motorist coverage, and in light of the pendency of her lawsuit against the driver and/or the driver's primary liability insurance carrier, the Court finds this lawsuit to be premature, and will dismiss it.

Accordingly,

---

[2]Defendant also points out that the plaintiff's complaint is inherently contradictory in that although she asserts that the American Family Ins. Co. policy limit is insufficient, she also asserts only $10,000.00 or so in medical damages.

[3]The above-cited opinions were predicated upon the cited courts' reading of certain clauses in the insurance policies regarding underinsured motorist coverage. Defendant's memorandum of law fails to cite any law in support of its motion to dismiss, nor does it attach a copy of the policy in question, especially the underinsured motorist coverage provision. For purposes of this motion, and since plaintiff has failed to file any response, the Court will presume that the subject policy contains a provision similar to the ones noted in Shelton, Erlich, and Sago. In the future, if counsel files such a motion devoid of any legal authority in support of legal argument, the Court will deny same.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#7) be and is **GRANTED.** This cause of action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that defendant's alternative motion for more definite statement (#7) be and is **DENIED AS MOOT**.

Dated this __25th__ day of August, 2005.

                                                 /s/ Stephen N. Limbaugh
                                                 SENIOR UNITED STATES DISTRICT JUDGE